# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **PATRICIA L. MADDEN,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:06CV00014 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | By: James P. Jones |
| **COMMISSIONER OF** ) | Chief United States District Judge |
| **SOCIAL SECURITY,** ) | |
| ) | |
| Defendant. ) | |

The plaintiff in this social security case seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C.A. § 2412(d) (West 2006). I will award such fees, but in a lesser amount than requested.

*I*

The plaintiff filed suit in this court to obtain a review of the denial of a claim for benefits under the Social Security Act. The Commissioner of Social Security answered and moved for summary judgment on the basis of the administrative record. Thereafter, a final judgment was entered remanding the case to the Commissioner pursuant to "sentence four" of 42 U.S.C.A. § 405(g) (West 2003 & Supp. 2007).

The plaintiff has now filed a timely motion for an award of attorney's fees pursuant to the EAJA.

*II*

Under the EAJA, the court must award attorneys' fees to a prevailing party in civil cases such as this one against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. *See* 28 U.S.C.A. § 2412(d)(1)(A). The plaintiff is the "prevailing party" because of the remand under "sentence four" of 42 U.S.C.A. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The government has the burden of showing that its position was justified. *See Pierce v. Underwood*, 487 U.S. 552, 577 (1988) (Brennan, J., concurring in part).

The government does not dispute that its position was not substantially justified in this case, and because no special circumstances have been presented that would make an award of attorney's fees unjust in this case, I have no difficulty in finding that the plaintiff is entitled to such an award.

*III*

The remaining question is the proper amount of attorney's fees. The EAJA provides that the amount of fees awarded must be based "upon prevailing market rates" and must not exceed $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C.A. § 2412(d)(2)(A).

The plaintiff's attorney has submitted a sworn, itemized record of his time expended in the case, showing a total of 18.00 hours. While it is not entirely clear from the record submitted, it appears that the attorney contends that he performed all of the tasks. In spite of the fact that some of the entries clearly involved clerical duties, there is no indication that any of these services were performed by secretaries or legal assistants. Indeed, the record itself is entitled "Attorney Time" and the full hourly rate is sought for all of the activities.

It is proper to award a reduced hourly rate under the EAJA for nonattorney time spent by paralegals, law clerks, and law students "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." *Cook v. Brown*, 68 F.3d

- 3 -

Case 2:06-cv-00014-JPJ-PMS   Document 23   Filed 10/19/07   Page 3 of 6   Pageid#: 99

447, 453 (Fed. Cir. 1995). Conversely, it is not proper to award a full attorney rate for activities that should more effectively be performed by nonlawyers. *See Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987). Moreover, purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all. *See Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986).

Examining the itemized record with these principles in mind, it is apparent that certain of the time should be reduced in rate or eliminated. In addition, there are other billed activities that would have been more appropriately included at a nonattorney rate or are excessive.

There are claimed 2.25 hours for the preparation and filing of the application to proceed in forma pauperis, complaint, civil cover sheet, summons, and service forms. These documents are forms, similar to hundreds of others submitted by the plaintiff's attorney to this court. Accordingly, I will reduce this entry to 1.00 hour of paralegal time and .25 hour of attorney time.

Entries for 2/22/06 and 2/24/06 indicate time for activities more appropriately performed by clerical staff. There is listed an activity on 1/11/06, over one month before this suit was filed.

A 5/19/07 entry includes a claimed .50 hours for receipt and review of the defendant's answer and notice of filing administrative record. The answer is a

- 4 -

Case 2:06-cv-00014-JPJ-PMS   Document 23   Filed 10/19/07   Page 4 of 6   Pageid#: 100


standard pleading, consisting of two and one-quarter pages and a one-page certificate of service.[1] Accordingly, I will reduce this entry to .25 hour.

The recorded entry for 7/13/07 recites a charge for the "Review and preparation of medicals for brief." In the present context, the organization of a client's medical records is a routine and rote task. Although potentially more time consuming when performed by a nonlawyer, this task is easily handled by nonattorney staff under supervision. The benefit of a lower hourly rate should therefore accrue to the client.

The 2/23/07 entry claims 1.00 hour for the following activity: "Receive and review Order remanding case pursuant to 'sentence four.'" The remand order itself is a mere one page in length. I find, therefore, that a charge of .25 hour is appropriate.

Finally, the plaintiff claims 2.50 hours for preparing the petition for attorney's fees. It is obvious from reviewing the petition that no such amount of attorney time was reasonably required. I will reduce the time to 1.00 hour of paralegal time and .25 hour of attorney time.

In light of these findings, I choose not to award the full amount of attorney's fees as requested, totaling $2,340.00. Excluding the clerical tasks and excessive time entries mentioned above, the fee computation is divisible into two categories of costs:

---

[1] The fee petition also seeks 6.50 hours of attorney time for preparation of the plaintiff's 21-page memorandum of law, including reviewing the record. I have not adjusted this time.

attorney time and nonattorney time.  As a result, there are a total of 10.50 hours compensable at the $125 per hour attorney rate—for a total of $1,312.50 in compensable attorney time.  The remaining nonattorney activities total 3.00 hours.  In consideration of an appropriate billing rate for nonattorney time, I find an award of $75 per hour to be fair compensation under the circumstances.  While no market rate for paralegal time has been shown, it appropriately represents only a portion of the applicable attorney rate.  *See Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour).

Therefore, the plaintiff's nonattorney time charges amount to a total of $225.00.  Adding the respective attorney and nonattorney totals, I find that the total compensable fee in this case is $1537.50.[2]

An appropriate judgment will be entered.

                          DATED: October 19, 2007

                          /s/ JAMES P. JONES
                          Chief United States District Judge

---

[2] The plaintiff initially requested a fee of $2,340.00, reflecting a total of 18.00 hours at $130 per hour.  The defendant has now filed a response that it does not object to a fee in the amount of $2,340.00.  Regardless of the agreement of the parties, I have the obligation under the EAJA to determine the proper fee.  *See Design & Prod., Inc. v. United States*, 21 Cl. Ct. 145, 151-52 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation.").